UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Titlecraft, Inc., a Minnesota Corporation<br><br>      Plaintiff<br><br>vs.<br><br>National Football League and<br>NFL Properties, LLC,<br><br>      Defendant. | File No: _____<br><br><br>**COMPLAINT** |

Plaintiff TITLECRAFT, INC., A Minnesota Corporation ("Titlecraft") for its Complaint for declaratory relief, states and alleges as follows:

1. This action for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure is brought for the purpose of determining a question of actual controversy between the parties as described below. NFL through its authorized representative, Defendant NFL Properties LLC, has declared its intention to commence litigation against Titlecraft. Defendant has declared that intention in its counsel's August 28, 2009 letter to Titlecraft alleging, among other things, trademark infringement, false designation of origin and false description and trademark dilution. (A true and correct copy of August 28, 2009 letter is attached hereto as Exhibit A). Titlecraft seeks a declaration, in advance of threatened commencement of suit by Defendant, that Defendant's claims are without merit and that Titlecraft is not liable to the Defendant

1

for its myriad of alleged causes of action, including among other things, trademark infringement, false designation of origin and false description and trademark dilution.

## THE PARTIES

2. Plaintiff Titlecraft is a Minnesota Corporation with its principal place of business at 8540 Quarles Road, Maple Grove, Minnesota 55311. Titlecraft manufactures and distributes Fantasy Football Trophies.

3. Defendant National Football League is an unincorporated association of thirty-two member teams, with its principal place of business at 280 Park Avenue, 15th Floor, New York, New York 10017.

4. The National Football League is in the business of commercializing American rules football games in interstate commerce in this judicial district.

5. Defendant NFL Properties, LLC ("NFLP"), is, upon information and belief, a limited liability company organized and existing under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017, and has been authorized by the National Football League to use their respective trademarks for commercial purposes and to protect their trademarks.

6. NFLP is in the business of commercializing and policing use of NFL related intellectual property in interstate commerce and in this judicial district.

## SERVICE OF PROCESS

7. The National Football League may be served through its appointed Commissioner, currently Roger Goodell, at 280 Park Avenue, 15th Floor, New York, New York 10017.

8. NFL Properties, LLC may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

## JURISDICTION AND VENUE

9. This action for declaratory judgment is brought to determine rights under the Lanham Act, 15 U.S.C. § 1121, and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

10. Titlecraft's claims for declaratory relief are authorized by the Declaratory Judgment Act 28 U.S.C. § 2201 & 2202 and Rule 57 of the Federal Rules of Civil Procedure and by the general legal and equitable powers of this Court.

11. Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391 (b) and 1391 (c) on the grounds that a substantial part of the events giving rise to the claim occurred in this district.

12. This Court has personal jurisdiction over NFLP because, upon information and belief, NFLP conducts business on a nationwide basis, including within the State of Minnesota and in this jurisdiction. NFLP is therefore subject to the jurisdiction of this Court.

13. NFLP is the authorized representative of the National Football League and its thirty-two Member Clubs (which include the Minnesota Vikings) for the licensing and protection of their names, logos, symbols, and other identifying marks.

14. Beginning in or about August 2009, Defendant, through its legal counsel, began a series of contacts with Titlecraft regarding the alleged violations. These contacts were sent to Titlecraft directly and through their legal counsel in the State of Minnesota.

## STATEMENT OF THE CASE

15. Titlecraft, Inc. creates fantasy football trophies in the State of Minnesota, Hennepin County.

16. Titlecraft, Inc. offers for sale and sells these fantasy trophies via a website at the address of www.theultimatetrophy.com.

17. Defendants have alleged via correspondence delivered to Titlecraft in the State of Minnesota that the public is likely to mistakenly believe that [Titlecraft] has been authorized or sponsored by, or is somehow affiliated with the NFL and/or the NFL's Member Clubs.

18. Defendants have alleged via correspondence delivered to Titlecraft in the State of Minnesota that Titlecraft's conduct constitutes trademark infringement.

19. Defendants have alleged via correspondence delivered to Titlecraft in the State of Minnesota that Titlecraft conduct constitutes a false designation of origin and false description under the Lanham Act.

20. Defendants have alleged via correspondence delivered to Titlecraft in the State of Minnesota that Titlecraft is in violation of state trademark and dilution statutes and common law principals of unfair competition and misappropriation.

21. Defendants have threatened legal action against Titlecraft via correspondence delivered to Titlecraft in the State of Minnesota.

## CAUSE OF ACTION FOR DECLARATION

22. Defendant incorporates the allegations of the previous paragraphs as though fully stated herein.

23. Defendant's conduct shows there is a substantial controversy between the parties regarding Plaintiff Titlecraft's Fantasy Trophies which has created adverse legal interests that are real and immediate.

24. By reason of Defendant's written correspondence and trademark opposition, Defendant has expressed an actual intention to sue Titlecraft and to hold Titlecraft liable for any such infringement and therefore an actual controversy exists among and between the parties to this action.

25. Resolution of this definite and concrete controversy requires a determination by the Court of whether Plaintiff Titlecraft has violated Defendant's rights.

26. If a declaration is not granted, Plaintiff's rights will be adversely affected and Plaintiff may sustain significant losses.

27. Plaintiff has a valid interest in prompt resolution of this controversy in order to avoid unnecessary and unwarranted expenditure of resources that will otherwise be caused by a prolonged dispute with Defendant, particularly if Titlecraft is subsequently determined not to be liable for Defendant's alleged actions or other wrong doing.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Titlecraft, Inc. prays that this Court enter judgment:

28. Declaring that Titlecraft, Inc.'s trophy products have not infringed and do not infringe any valid claim of the Defendant;

29. Declare that Titlecraft's production of its Fantasy Trophies does not violate any rights of Defendant and the Titlecraft is not and cannot be liable to Defendant for production, offering for sale or sales of the same.

30. Enter an appropriate order enjoining Defendant from commencing suit against Titlecraft for, among other things, alleged trademark infringement, false designation of origin and false description and trademark dilution; and

31. Granting Titlecraft, Inc. such other relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff Titlecraft, Inc. hereby demands a Trial by Jury on any or all issues joined by the pleadings and so triable by a Jury.

Respectfully submitted,

Dated: 3-11-2010

Justin L. Seurer (#336154)
Seurer Law, LLC
11901 James Road
Minnetonka, MN 55343
P: (612) 455-6669
F: (612) 455-2182