UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TITLECRAFT, INC.,

      Plaintiff and
      Counterclaim Defendant,

v.

NATIONAL FOOTBALL LEAGUE and
NFL PROPERTIES, LLC,

      Defendants and
      Counterclaim Plaintiffs.

No. 0:10-cv-00758-RHK-JJK

**COUNTERCLAIMS AND
ANSWER OF
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS NATIONAL
FOOTBALL LEAGUE and NFL
PROPERTIES LLC**

---

Defendants and Counterclaim Plaintiffs National Football League (the

"NFL") and NFL Properties LLC ("NFL Properties") (collectively, the "NFL

Parties") by and through their undersigned attorneys, for their Counterclaims and

Answer to the Amended Complaint of Plaintiff and Counterclaim Defendant

Titlecraft, Inc. ("Titlecraft"), state as follows:

## COUNTERCLAIMS

### Preliminary Statement

1.     Titlecraft unlawfully profits from the valuable goodwill associated

with the Vince Lombardi Trophy, awarded each year to the winner of the Super

Bowl championship game (the "Vince Lombardi Trophy").  It does so by

manufacturing and offering for sale imitations of the Vince Lombardi Trophy, in direct violation of the NFL's valuable trademark and copyright rights. Despite repeated requests that it stop this unlawful conduct, Titlecraft continues to sell those infringing and diluting copies. In so doing, it also misappropriates the significant goodwill associated with the Super Bowl game, for which the Vince Lombardi Trophy is an instantly recognizable symbol.

2.      NFL football is, and for many years has been, the most popular spectator sport in the United States. The Super Bowl game is the culmination of the NFL season and showcases the NFL and its Member Clubs. Intense media attention is focused on the game and the teams vying for a chance to bring home the Vince Lombardi Trophy.

3.      For over forty years, fans, the media and consumers have identified the Vince Lombardi Trophy as the championship trophy awarded to the NFL team that wins the Super Bowl game. The Super Bowl game is one of the most-watched television programs each year, attracting, in recent years, over one-hundred million viewers worldwide. The most recent Super Bowl, which took place on February 7, 2010, was the most-watched television program of all time.

4.      Each year, the televised coverage includes the ceremonial awarding of the Vince Lombardi Trophy to the winning team. Images of victorious athletes

and coaches embracing and holding aloft the Vince Lombardi Trophy are some of the most iconic images in all of sports.

5.      The NFL is the exclusive owner of all copyright rights and trademark rights in and to the Vince Lombardi Trophy.  It owns a copyright registration and service mark registration for the Vince Lombardi Trophy design. It has been using the copyrighted design of the Vince Lombardi Trophy as a mark in commerce for over forty years.  Unauthorized commercial uses of the type made by Titlecraft violate the NFL's exclusive rights.

6.      The NFL, through its representative, NFL Properties, became aware that Titlecraft was selling replica copies of the Vince Lombardi Trophy in or about August 2009.  NFL Properties contacted Titlecraft and explained that, among other things, Titlecraft's activities were likely to cause confusion as to the source, origin or sponsorship of Titlecraft's trophies and were diluting the NFL's trademark rights.

7.      Despite that initial letter and subsequent attempts to resolve this dispute amicably, Titlecraft has continued to sell its replica trophies and has shown no willingness to stop.  Whatever its initial motivation, it is now clear that Titlecraft's violation of the NFL's rights is willful copyright infringement under 17 U.S.C. §§ 106 and 501; willful trademark infringement under 15 U.S.C.

§ 1114; an intentionally false representation of the source, origin or sponsorship of its replica trophies under 15 U.S.C. § 1125(a); willful trademark dilution under 15 U.S.C. § 1125(c) and various violations of state law.  The NFL Parties seek permanent injunctive relief, appropriate damages, disgorgement of profits and costs and reasonable attorneys' fees.

## The Parties

8.     The NFL is an unincorporated association of thirty-two member clubs ("Member Clubs"), each of which owns and operates a professional football team.  The NFL's principal office is located at 280 Park Avenue, New York, New York 10017.  The NFL owns a number of copyrights and trademarks, including but not limited to the federally-registered Vince Lombardi Trophy design.

9.     NFL Properties is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal office located at 280 Park Avenue, New York, New York 10017.  NFL Properties represents the NFL in the enforcement of the NFL's intellectual property rights, including the Vince Lombardi Trophy design, and the licensing of NFL intellectual property, including the Vince Lombardi Trophy design, for various commercial purposes.

10.     Upon information and belief, Titlecraft is a corporation organized under the laws of Minnesota with its principal place of business at 8540 Quarles Road, Maple Grove, Minnesota 55311.

## Jurisdiction and Venue

11.     This Court has jurisdiction over the federal claims asserted herein under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).  The matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

12.     Personal jurisdiction is proper because Titlecraft is a Minnesota corporation with its principal place of business in Minnesota.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400 because Titlecraft is a Minnesota corporation with its principal place of business in Minnesota and a substantial part of the events or omissions giving rise to the NFL Parties' claims occurred in Minnesota.

## The World-Famous Vince Lombardi Trophy

14.     What in 1970 became known as the Vince Lombardi Trophy is an original, distinctive and famous sculpted work created in 1966 by artists employed by Tiffany & Co. ("Tiffany").  The Trophy was created specifically at the NFL's

direction to be presented to the winner of the first AFL/NFL Championship game, which later became known as the Super Bowl game.

15.     Each year, an official copy of the original Vince Lombardi Trophy is manufactured to be presented to the winner of the Super Bowl championship game.  These authorized copies are identical to the original, with the exception of certain engravings on the base identifying the particular Super Bowl game for which that edition of the Vince Lombardi Trophy was created (denoted by Roman Numerals) and other game-specific information (*e.g.*, the date of the game, the participants, etc.).

16.     The Vince Lombardi Trophy is an original, unique and distinctive design.  It depicts a regulation-size football, tilted slightly forward, with the laces facing upward.  That football sits atop a multi-sided base that narrows gradually from bottom to top, causing the top of the base to be slightly narrower than the bottom.  The sides of the base meet in angular (rather than rounded) corners.

17.     On the base, engraved words and Roman Numerals identify the particular Super Bowl game for which the Vince Lombardi Trophy was awarded. For instance, the Vince Lombardi Trophy for the most recent Super Bowl game (which was the 44th Super Bowl) is identified by the words "Super Bowl" followed by the Roman Numeral for forty-four, "XLIV."  Also engraved on the

6

base are the words "Vince Lombardi Trophy," the NFL's shield logo, the words "AFC vs. NFC," the names of the two teams that participated in the Super Bowl game, the date of the game and the final score of the game.

18.     The entire Vince Lombardi Trophy is made of sterling silver.  It is approximately 22 inches tall and weighs 7 pounds.  Attached hereto as Exhibit 1 is a picture of the Vince Lombardi Trophy.

19.     The Super Bowl game has grown over the past forty years into an annual cultural phenomenon and worldwide entertainment extravaganza.  The day of the game is commonly referred to as "Super Bowl Sunday," major performing stars in the music industry compete for the opportunity to perform at halftime and advertisers vie to unveil the most creative and talked-about commercials to be run during breaks in the game.

20.     Every year, the Super Bowl game is one of the most highly-viewed television events of the year and the Vince Lombardi Trophy figures prominently in that televised coverage of the Super Bowl game.  The Vince Lombardi Trophy frequently is displayed and/or images of it are shown before, during and after the game.

21.     Images of the Vince Lombardi Trophy frequently are broadcast on television, in print media and over the Internet.

22.     Because of the original, unique and distinctive design of the Vince Lombardi Trophy—which has remained unchanged for over forty years, the widespread popularity of NFL football, and the large numbers of persons who watch the Super Bowl game annually (in person or on television), the Vince Lombardi Trophy has become one of the most well-known sports symbols in the world.  Football fans, and even members of the general public who do not follow professional football, instantly recognize the famous Vince Lombardi Trophy design and associate it with the NFL.

23.     The NFL and NFL Properties have, for many years now, imposed strict limits and requirements upon the commercial use of the Vince Lombardi Trophy design by its Member Clubs, television networks and other media outlets, and approved commercial sponsors.  These requirements are designed to ensure that permitted commercial uses of the Vince Lombardi Trophy design be made only in a manner and for a purpose that promotes and reflects favorably upon the NFL and/or the Super Bowl game.  Given the enormous popularity of NFL football and the widespread recognition by consumers of the Vince Lombardi Trophy design, a licensing relationship with the NFL or NFL Properties to use the Vince Lombardi Trophy design is one of the most coveted and valuable commercial arrangements available in the United States because it conveys the message of the NFL's sponsorship, approval and endorsement.

## Titlecraft's Imitation Trophies

24.     Titlecraft sells trophies that are intentionally designed to resemble the Vince Lombardi Trophy and, in fact, are substantially and confusingly similar to the Vince Lombardi Trophy.  Titlecraft sells these trophies, among other places, on its website located at http://theultimatetrophy.com.  Attached hereto as Exhibit 2 is a side-by-side comparison of the genuine Vince Lombardi Trophy and Titlecraft's infringing trophy.

25.     On August 29, 2009, NFL Properties wrote to Titlecraft and informed Titlecraft that its sale of imitation Vince Lombardi Trophies violated the NFL's rights.  It demanded that Titlecraft immediately cease and desist manufacturing and selling the trophies, and expressed hope that the parties might reach an amicable resolution.  Attached hereto as Exhibit 3 is a true and correct copy of the August 28, 2009 letter.

26.     Titlecraft responded on September 1, 2009.  It admitted that its trophies were intended to "mimic the Vince Lombardi Trophy Design," but contended they were "amusing wooden parod[ies] of the Vince Lombardi Trophy."  Attached hereto as Exhibit 4 is a true and correct copy of the September 1, 2009 letter.

27.     On September 10, 2009, NFL Properties responded, explaining that, for a variety of reasons, Titlecraft's trophies were not protected parodies. Attached hereto as Exhibit 5 is a true and correct copy of the September 10, 2009 letter.

28.     Although subsequent letters were exchanged, in which NFL Properties' desire for an amicable resolution was repeated, Titlecraft commenced this declaratory judgment action on March 11, 2010.

A.     Titlecraft's Trophies Violate The NFL's Copyright Rights.

29.     The NFL is the exclusive owner of all copyright rights in the Vince Lombardi Trophy.  Tiffany received, for the NFL's benefit, a certificate of registration for the Vince Lombardi Trophy from the United States Copyright Office on December 11, 1970.  Attached hereto as Exhibit 6 is a true and correct copy of that certificate of registration.

30.     In confirmation of the NFL's ownership of these rights, Tiffany assigned the entirety of all rights covered by that certificate of registration to the NFL as of March 31, 2010.  Attached hereto as Exhibit 7 is a true and correct copy of that assignment agreement.

31.     Titlecraft's trophies are substantially similar to the Vince Lombardi Trophy.  Just like the genuine Vince Lombardi Trophy, they depict a football positioned forward at an angle, with the laces pointed upward.  Also like the genuine Vince Lombardi Trophy, the football on Titlecraft's trophies sits atop a multi-sided base, with the sides meeting in angular corners, that narrows gradually from the bottom to the top, causing the top to be slightly narrower than the bottom. The angle and positioning of the football relative to the base, the respective sizes of the football and the base, and the overall presentation of the two components (football and base) on Titlecraft's trophies all are substantially similar to the genuine Vince Lombardi Trophy.  Attached hereto as Exhibit 8 is a picture of Titlecraft's infringing trophy.

32.     Titlecraft had easy and instant access to the Vince Lombardi Trophy design at the time it designed its trophies.  It used that access to copy, with overwhelming similarity, the original elements of the Vince Lombardi Trophy.

33.     Titlecraft's copying of the Vince Lombardi Trophy design is undertaken for an unauthorized commercial purpose.  It sells its imitation Vince Lombardi trophies to consumers through various channels including, but not limited to, the Internet via the website http://theultimatetrophy.com.

34.     Neither the NFL Parties nor Tiffany has authorized, approved or consented to Titlecraft's copying of the Vince Lombardi Trophy design or sale of imitation Vince Lombardi trophies.

35.     Titlecraft was on notice, at least as early as December 28, 2009, that the NFL owned a valid copyright in the Vince Lombardi Trophy.  It willfully has continued to sell and offer for sale its infringing trophies after that date.

B.     Titlecraft's Trophies Violate The NFL's Trademark Rights.

36.     The NFL owns an incontestable registered service mark (registration number 1,226,261) in the Vince Lombardi Trophy design.  Attached hereto as Exhibit 9 are printouts of the certificate of registration and registration information for this mark from the United States Patent and Trademark Office ("USPTO") website.

37.     For over forty years, the NFL has continuously, exclusively and famously used the Vince Lombardi Trophy design in commerce as a trademark in connection with promoting interest, excellence, and sportsmanship in professional football through the medium of an annual award.  The NFL also uses the Vince Lombardi Trophy design to promote, among other things, NFL football and the Super Bowl game.

38.     Due to the extensive advertising, promotional and marketing efforts of the NFL and NFL Properties, the enormous popularity of NFL football and the Super Bowl game, and the distinctive, unique and original design of the Vince Lombardi Trophy, the Vince Lombardi Trophy design has acquired powerful fame among consumers, who recognize the Vince Lombardi Trophy design and associate it with the NFL.  The Vince Lombardi Trophy design represents a significant source of goodwill to the NFL.

39.     Titlecraft's intent to confuse consumers and associate its imitations with the NFL is further illustrated by the manner in which its trophies are offered for sale.  Titlecraft promotes the sale of its imitation trophies by including (1) Roman Numerals engraved or imprinted on the football in ways that mimic the NFL's use of Roman Numerals and (2) a "Commissioner's Signature" option, pursuant to which customers can choose to have a signature added to the football, further mimicking the appearance of an NFL football.  These additional design elements further add to the confusing and diluting similarity between Titlecraft's trophies and the genuine Vince Lombardi Trophy.

40.     As described above, Titlecraft has acted willfully and in bad faith by continuing to sell its infringing trophies even after being advised by the NFL Parties that its conduct violated the NFL's rights.

## First Counterclaim for Relief:  Copyright Infringement

### Violation of the Copyright Act,
### 17 U.S.C. §§ 106 and 501 (Copyright Infringement)

41.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42.     The NFL owns a valid copyright in the Vince Lombardi Trophy.

43.     The unauthorized, intentional and willful copying by Titlecraft of the Vince Lombardi Trophy in connection with Titlecraft's design, manufacture and sale of replica trophies infringes the NFL's exclusive copyright rights, in violation of 17 U.S.C. §§ 106 and 501.

44.     The willful acts of Titlecraft, as described above, have caused and are causing great and irreparable injury in an amount that cannot be ascertained at this time and, unless restrained, will continue to cause further irreparable injury, leaving the NFL Parties with no adequate remedy at law.

45.     By reason of the foregoing, the NFL Parties seek injunctive relief, restraining further acts of copyright infringement and, after trial, to recover actual damages and profits, or, at its election, statutory damages, as well as attorneys' fees, resulting from the aforesaid acts of copyright infringement.

### Second Counterclaim for Relief:  Trademark Infringement

**Violation of Section 32 of the Lanham Act,
15 U.S.C. § 1114(1) (Trademark Infringement)**

46.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     The NFL has a valid and incontestable registered service mark in the Vince Lombardi Trophy design.

48.     The unauthorized use by Titlecraft of the Vince Lombardi Trophy design, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to whether Titlecraft's trophies are made, authorized or sponsored by, or otherwise affiliated with, the NFL, in violation of 15 U.S.C. § 1114(1).

49.     Titlecraft's trophies are counterfeit marks under the Lanham Act, entitling the NFL to enhanced damages, because they constitute a spurious use of the Vince Lombardi Trophy design that is identical with, or substantially indistinguishable from, the NFL's registered service mark in that design.

50.     The willful acts of Titlecraft, as described above, have caused and are causing great and irreparable injury in an amount that cannot be ascertained at this time and, unless restrained, will continue to cause further irreparable injury, leaving the NFL Parties with no adequate remedy at law.

51.     By reason of the foregoing, the NFL Parties seek injunctive relief, restraining further acts of trademark infringement and, after trial, to recover damages resulting from the aforesaid acts of trademark infringement together with disgorgement of Titlecraft's profits.

**Third Counterclaim for Relief:   False Representations, False Designation of Origin and False Advertising**

**Violation of Section 43(a) of the Lanham Act,
15 U.S.C. § 1125(a) (False Representations, False Designation of Origin and False Advertising)**

52.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     The unauthorized use by Titlecraft of the Vince Lombardi Trophy design, with and without the Roman Numerals and a "Commissioner's Signature," is likely to cause consumers mistakenly to believe that Titlecraft and its trophies are sponsored, approved or endorsed by, or are otherwise affiliated with, the NFL and/or NFL Properties.

54.     By engaging in the activities described above, Titlecraft willfully has made, and will continue to make, false, deceptive and misleading statements constituting false representations, false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a).

55.     The acts of Titlecraft, as described above, have caused and are causing great and irreparable injury in an amount that cannot be ascertained at this time and, unless restrained, will continue to cause further irreparable injury, leaving the NFL Parties with no adequate remedy at law.

56.     By reason of the foregoing, the NFL Parties seek injunctive relief, restraining further acts of false representations, false designation of origin and false advertising, and, after trial, to recover damages resulting from the aforesaid acts of false representations, false designation of origin and false advertising together with disgorgement of Titlecraft's profits.

**Fourth Counterclaim for Relief:  Trademark Dilution Under the Lanham Act**

**Violation of Section 43(c) of the Lanham Act,**
**15 U.S.C. § 1125(c) (Trademark Dilution)**

57.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.     The Vince Lombardi Trophy design is among the most famous and most recognizable trademarks used in interstate commerce in the United States. Among other things:  (a) the Vince Lombardi Trophy design is inherently distinctive and has acquired a high degree of distinctiveness; (b) the Vince Lombardi Trophy design has been used for decades throughout the United States to promote, advertise and publicize the NFL, the Super Bowl game and other

goods and services; (c) the NFL and NFL Properties have advertised and publicized the Vince Lombardi Trophy design for the period it has been in use throughout the United States; (d) the NFL and NFL Properties have used the Vince Lombardi Trophy design in a trading area of broad geographical scope encompassing, *inter alia*, all of the states and territories of the United States; (e) the Vince Lombardi Trophy design is among the preeminent marks in professional sports and entertainment; (f) the Vince Lombardi Trophy design has an extremely high degree of recognition among the general consuming public of the United States as a designation of source of the goods or services of the NFL Parties; (g) except as authorized by NFL and/or NFL Properties, there are no similar NFL trademarks in use to any extent by third parties; and (h) the Vince Lombardi Trophy design currently is registered as an incontestable mark under the Lanham Act on the Principal Register.

59.    Titlecraft's willful conduct described above impairs the distinctiveness of the famous Vince Lombardi Trophy design:  (a) Titlecraft sells a trophy that is substantially and confusingly similar to the Vince Lombardi Trophy design; (b) the famous Vince Lombardi Trophy design is inherently distinctive and has acquired a high degree of distinctiveness; (c) the NFL engages in exclusive use of the Vince Lombardi Trophy design through NFL Properties; (d) the Vince Lombardi Trophy design has an extremely high degree of recognition among the

general consuming public of the United States as a designation of source of the goods or services of the NFL Parties; (e) Titlecraft clearly intended to create an association between itself and the Vince Lombardi Trophy design and the goodwill symbolized by the Vince Lombardi Trophy design; and (f) because Titlecraft sells a trophy that is substantially and confusingly similar to the Vince Lombardi Trophy design, there necessarily is an actual association between Titlecraft and its imitation Vince Lombardi Trophies and the NFL Parties and the Vince Lombardi Trophy design.

60.     Accordingly, Titlecraft's willful conduct described above is likely to cause dilution by blurring of, and does, in fact, dilute and detract from the distinctiveness of, the famous Vince Lombardi Trophy design, with consequent damage to the NFL Parties and to the substantial business and goodwill symbolized by the Vince Lombardi Trophy design in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

61.     Titlecraft's willful acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to the Vince Lombardi Trophy design and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving the NFL Parties with no adequate remedy at law.

62.     By reason of the foregoing, the NFL Parties seek injunctive relief against Titlecraft, restraining further acts of trademark dilution, and, after trial, to recover the damages resulting from Titlecraft's bad faith acts of trademark dilution, together with disgorgement of Titlecraft's profits.

### Fifth Counterclaim for Relief:  Trademark Dilution

**Violation of New York's Anti-Dilution Statute,
N.Y. Gen. Bus. Law § 360-1**

63.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

64.     The Vince Lombardi Trophy design is distinctive, and is likely to be diluted as a result of Titlecraft's conduct.

65.     Titlecraft's conduct has been undertaken with a willful intent to trade on the NFL's reputation and to cause dilution of the distinctive quality of the famous Vince Lombardi Trophy design, and this conduct entitles the NFL Parties to damages and the other remedies available pursuant to New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

**Violation of Minnesota's Anti-Dilution Statute,
Minn. Stat. § 333.285**

66.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.     The Vince Lombardi Trophy design is famous in Minnesota.

68.     Titlecraft's conduct began after the Vince Lombardi Trophy became famous.

69.     Titlecraft acted with willful intent to trade on the NFL Parties' reputation.

70.     Titlecraft's conduct causes dilution of the distinctive quality of the famous Vince Lombardi Trophy design, and this willful conduct entitles the NFL Parties to damages and the other remedies available pursuant to Minnesota's Anti-Dilution Statute, Minn. Stat. § 333.285.

## Sixth Counterclaim for Relief:  Unfair Competition

### Unfair Competition Under New York Law,
### N.Y. Gen. Bus. Law § 360-o

71.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

72.     The unauthorized use by Titlecraft of the Vince Lombardi Trophy design is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Titlecraft's services, goods or promotions.

73.    Titlecraft has acted in bad faith in using the Vince Lombardi Trophy design without authorization.

74.    Titlecraft's acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

**Unfair Competition Under Minnesota Common Law**

75.    The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.    The unauthorized use by Titlecraft of the Vince Lombardi Trophy design is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Titlecraft's services, goods or promotions.

77.    Titlecraft has acted in bad faith in using the Vince Lombardi Trophy design without authorization.

78.    Titlecraft's acts as described above constitute unfair competition under Minnesota common law.

## Seventh Counterclaim for Relief:  Deceptive Acts and Practices

### Deceptive Acts and Practices Under New York Law,
### N.Y. Gen. Bus. Law § 349

79.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 78 as though fully set forth herein.

80.     Titlecraft's conduct is oriented and directed towards consumers and is deceptive or misleading in a material way.

81.     The NFL Parties have suffered injury as a result of Titlecraft's conduct.

82.     Titlecraft's acts as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349.

### Deceptive Trade Practices Under Minnesota Law,
### Minn. Stat. § 325D.44

83.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 82 as though fully set forth herein.

84.     Titlecraft's conduct has caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and certification of its products.

85.     Titlecraft uses deceptive representations in connection with its products.

86.     Titlecraft represents that its products have the NFL Parties' approval or sponsorship that they do not actually have.

87.     The NFL Parties have suffered injury as a result of Titlecraft's conduct.

88.     Titlecraft's acts as described above constitute deceptive acts and practices in violation of Minn. Stat. § 325D.44.

## Eighth Counterclaim for Relief:  False Advertising

### False Advertising Under New York Law,
### N.Y. Gen. Bus. Law § 350

89.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 88 as though fully set forth herein.

90.     Titlecraft's advertising has had an impact on consumers and is deceptive or misleading in a material way.

91.     The NFL Parties have suffered injury as a result of Titlecraft's advertising.

92.     Titlecraft's acts as described above constitute false advertising in violation of N.Y. Gen. Bus. Law § 350.

### False Advertising Under Minnesota Law, Minn. Stat. § 325F.67

93.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     Titlecraft has, with the intent to sell merchandise, advertised products in a materially deceptive or misleading way.

95.     The NFL Parties have suffered injury as a result of Titlecraft's advertising.

96.     Titlecraft's acts as described above constitute false advertising in violation of Minn. Stat. § 325F.67.

### Ninth Counterclaim for Relief:  Misuse of Similar Marks

### Trademark Misuse Under Minnesota Law, Minn. Stat. §§ 333.28

97.     The NFL Parties repeat and reallege the allegations set forth in paragraphs 1 through 96 as though fully set forth herein.

98.     Titlecraft has, without consent, sold and offered for sale trophies identical to or so similar as to the Vince Lombardi Trophy so as to be likely to

cause confusion or mistake on the part of the purchaser or to deceive such

purchaser as to the source of origin of the goods.

99.     Titlecraft has imitated the Vince Lombardi Trophy and applied that

imitation to advertisements intended to be used upon or in conjunction with the

sale or other distribution of such goods or the sale or rendering of services.

100.    Titlecraft's acts as described above constitute trademark misuse in

violation of Minn. Stat. §§ 333.28.

## ANSWER

The NFL Parties, for their Answer, allege as follows:

1.   Deny the allegations contained in paragraph 1 of the Complaint, except admit that (a) Titlecraft purports to bring this action as an action for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, (b) the NFL Parties repeatedly have corresponded with Titlecraft and respectfully refer the Court to that correspondence for its true content and deny any allegation inconsistent therewith, and (c) Titlecraft purports to seek a declaration that the claims against it, set forth above, are without merit.

2.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admit, upon information and belief, that Titlecraft has its principal place of business in Maple Grove, Minnesota, and admit that Titlecraft manufactures and distributes trophies.

3.   Admit the allegations contained in paragraph 3 of the Complaint.

4.   Deny the allegations contained in paragraph 4 of the Complaint, except admit that, among other things, the NFL's business activities include promoting and fostering the primary business of the thirty-two Member Clubs,

each of which is a professional football club located in the United States, and that it conducts business in this judicial district.

5.      Deny the allegations contained in paragraph 5 of the Complaint, except admit that NFL Properties is a limited liability company organized under the laws of Delaware with its principal place of business located at 280 Park Avenue, New York, New York 10017, and that NFL Properties is the authorized representative of the NFL for, among other things, the licensing and protection of copyright, trademark and other intellectual property rights.

6.      Deny the allegations contained in paragraph 6 of the Complaint, except admit that NFL Properties is the authorized representative of the NFL for, among other things, the licensing and protection of copyright, trademark and other intellectual property rights, and that NFL Properties conducts business activities in this judicial district.

7.      Neither admit nor deny the allegations contained in paragraph 7 of the Complaint because they consist of legal conclusions to which no response is required.

8.      Neither admit nor deny the allegations contained in paragraph 8 of the Complaint because they consist of legal conclusions to which no response is required.

9.      Deny the allegations contained in paragraph 9 of the Complaint,
except admit that Titlecraft purports to bring this action for a declaratory judgment
to determine rights under the Lanham Act, 15 U.S.C. § 1121, and that this Court
has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Deny the allegations contained in paragraph 10 of the Complaint,
except admit that Titlecraft purports to bring this action for a declaratory judgment
pursuant to 28 U.S.C. §§ 1121 and 1122, Rule 57 of the Federal Rules of Civil
Procedure and this Court's legal and equitable powers.

11.     Neither admit nor deny the allegations contained in paragraph 11 of
the Complaint because they consist of legal conclusions to which no response is
required, except admit that a substantial part of the events giving rise to
Titlecraft's purported claim and the NFL Parties' Counterclaims occurred in this
district.

12.     Neither admit nor deny the allegations contained in paragraph 12 of
the Complaint because they consist of legal conclusions to which no response is
required, except admit that NFL Properties conducts business activities in various
locations throughout the United States, including within the State of Minnesota.

13.     Deny the allegations contained in paragraph 13 of the Complaint,
except admit that NFL Properties is the authorized representative of the NFL and

its thirty-two Member Clubs for, among other things, the licensing and protection of copyright, trademark and other intellectual property rights.

14.     Deny the allegations contained in paragraph 14 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit that Titlecraft manufactures trophies.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit that Titlecraft sells and offers for sale trophies over the Internet through a website located at http://theultimatetrophy.com.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court

to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

18.     Deny the allegations contained in paragraph 18 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

19.     Deny the allegations contained in paragraph 19 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

20.     Deny the allegations contained in paragraph 20 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court

to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

21.     Deny the allegations contained in paragraph 21 of the Complaint, except admit that, beginning in approximately August 2009, NFL Properties has communicated with Titlecraft on several occasions through written correspondence and telephonic communications, and respectfully refer the Court to that correspondence and those communications for their true content and deny any allegations inconsistent therewith.

22.     Repeat and reallege the responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     Deny the allegations contained in paragraph 23 of the Complaint, except admit that Titlecraft has violated the NFL Parties' rights as set forth in the Counterclaims above.

24.     Deny the allegations contained in paragraph 24 of the Complaint, except admit that Titlecraft has violated the NFL Parties' rights as set forth in the Counterclaims above.

25.     Admit the allegations contained in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

## RESPONSE TO RELIEF REQUESTED

28.     Deny that Titlecraft is entitled to any of the relief it seeks or to any other relief based on the allegations of the Complaint.

29.     Any allegation of the Complaint not specifically admitted herein is denied.

## JURY TRIAL DEMANDED

30.     The NFL Parties demand a jury trial.

## FIRST AFFIRMATIVE DEFENSE

31.     Titlecraft's claims are barred, in whole or in part, under the doctrine of unclean hands.

**SECOND AFFIRMATIVE DEFENSE**

32.     Titlecraft's claims are barred, in whole or in part, under the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

33.     The Complaint fails to state a claim for which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

34.      Titlecraft does not meet the requirements for declaratory relief set forth in 28 U.S.C. §§ 2201-2202 or Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, the NFL Parties respectfully request that the Court:

A.     Dismiss Titlecraft's Complaint in its entirety with prejudice;

B.     Declare that:

(1)     Titlecraft's unauthorized design, manufacture and sale of trophies that are substantially similar to the Vince Lombardi Trophy violates the NFL's rights under the Copyright Act; and

(2)     Titlecraft's unauthorized commercial use of the Vince Lombardi Trophy design violates the NFL's rights under the Lanham Act and state law.

C.     Award the NFL Parties damages in an amount to be determined at trial including, but not limited to, as applicable, (i) actual damages, (ii) statutory damages, and/or (iii) disgorgement of Titlecraft's profits (and/or three times such profits or damages);

D.     Order that Titlecraft disgorge and account for its profits and all damages sustained arising from its foregoing acts, and that the NFL Parties recover a sum equal to three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117(b).

E.     Immediately and permanently enjoin Titlecraft and its agents, officers, directors, servants, employees, representatives, attorneys, parents, subsidiaries, related companies, successors, assigns, affiliates and all others in active concert or participation with any of them from (1) designing, manufacturing, selling and/or otherwise distributing any trophy or other product that (a) is substantially or confusingly similar to the Vince Lombardi Trophy, (b) makes use of the Vince Lombardi Trophy design; and/or (c) imitates, mimics or otherwise approximates or uses any original or distinctive element or elements of

the Vince Lombardi Trophy design; and (2) doing any other acts or things calculated or likely to cause confusion or mistake in the minds of the public or to lead consumers into the false belief that any goods or services offered by Titlecraft are authorized, sponsored, licensed, endorsed or promoted by the NFL, NFL Properties or any Member Club, or are otherwise affiliated with or connected to the NFL, NFL Properties or any Member Club, and otherwise unfairly competing with the NFL, NFL Properties or any Member Club.

F.      Award the NFL Parties costs and reasonable attorneys' fees and disbursements, pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117; N.Y. Gen. Bus. Law § 349(h); and Minn. Stat. §§ 8.31, subd. 3a; 325D.45; 333.29.

G.      Order Titlecraft immediately to destroy or deliver up to the NFL Parties for destruction all specimens and/or samples of, or any promotional, marketing or other materials depicting, imitation Vince Lombardi Trophies in Titlecraft's possession.

H.      Direct Titlecraft to file with the Court and serve on counsel for the NFL Parties within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Titlecraft has complied with any injunction which the Court may enter in this action.

I.      Award such other and further relief as the Court deems just and proper.

Dated:  June 4, 2010

                            Respectfully submitted,

                            s/Daniel J. Connolly
                            Daniel J. Connolly, #197427
                            FAEGRE & BENSON
                            2200 Wells Fargo Center
                            90 South Seventh Street
                            Minneapolis, Minnesota 55402
                            (612) 766-7000

                            Bruce P. Keller
                            DEBEVOISE & PLIMPTON LLP
                            919 Third Avenue
                            New York, New York 10022
                            (212) 909-6000

                            *Attorneys for Defendants*
                            *National Football League and*
                            *NFL Properties LLC*

fb.us.5272933