UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Titlecraft, Inc., a Minnesota Corporation<br>         Plaintiff and<br>     Counterclaim Defendant,<br>vs.<br>National Football League and NFL Properties, LLC,<br>         Defendants and<br>     Counterclaim Defendants. | No:  0:10-CV-00758-RHK-JJK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT |

### Introductory Statement

This is an action for declaratory relief concerning the manufacture and sale of a sports trophy.  At issue in this motion for partial summary judgment is the question of whether the Defendants are entitled to judgment on their copyright claim.  Because this issue is fact intensive and cannot be resolved either way as a matter of law, the motion must be denied so that the case may proceed to trial.

### Statement of the Facts and the Case

Titlecraft produces custom wood trophies with a football placed at an angle upon a vertical stand.  Some of the stands are made of a wood base, with a single metal piece extending up to the football; other stands are made of various layers of wood in the shape of a tetrahedron[1] extending up to the football.

---

[1] The tetrahedron, a common geometrical figure, is composed of four triangular faces, three of which meet at each vertex. Its properties have been studied for centuries and it has practical applications in such disparate fields as civil engineering, chemical engineering, electronics, aerodynamics, and naval architecture.  See http://en.wikipedia.org/wiki/Tetrahedron.

The Defendants' trophy is known as the "Vince Lombardi Trophy" and it is awarded to the winner of the NFL's annual Superbowl. This trophy consists of two basic shapes – a football and a tetrahedron that is slightly concave on three sides. Neither of these shapes, standing alone, could possibly be the subject of copyright protection. But, together, they constitute the Defendants' claim for copyright protection in this case.

There are numerous differences between the Lombardi Trophy and Titlecraft's products. The Lombardi Trophy is made of sterling silver, with a full-sized football sitting atop three concave tapered sides, and measuring 24 to 27 inches. (Affidavit of Ed Reichow, ¶ 2). The trophy that is closest to the Lombardi is made of wood and has a finished height of 19 inches. (*Id.* at ¶ 3; Figure 1). The football is a lathe-turned piece of hardwood, with the laces being made of wood as well. (*Id.* at ¶ 4). The Titlecraft trophy base is made from a variety of different woods and veneers. This component alone gives the Titlecraft trophy a completely different look from the high metal polish the Lombardi Trophy is known for. (*Id.* at ¶ 5). The Titlecraft trophy is made up of eight different parts. It has three flat veneer side panels, with three separate solid edge pieces that are three-sided as well and are placed where the three panels come together, framing the veneers of the side panels. These six pieces are mounted on a six-sided solid wood base, with a wider angle than the side panels. (*Id.* at ¶ 6). The wood base has three long sides and three short sides, with the three short sides able to be customized with the different veneers. *(Id.* at ¶ 7). The final piece of the

Titlecraft trophy is a solid wood plaque that is mounted on the front of the trophy, inside the side panel, and which holds an engraving plate. (*Id.* at ¶ 8). The angle of the ball on the Titlecraft trophy is at least five degrees different from the Lombardi Trophy and the angle of the panels coming down to the base are also different. (*Id.* at ¶¶ 9-10). There is also another line of trophies that has a single metal riser that supports the football. (Affidavit of Ed Reichow, Figure 2).

Two pictures from the Titlecraft website will help to illustrate these differences:





The first picture shows the style with the tetrahedron. The second picture shows the style with the single metal riser.

Before going forward with the manufacture and sale of these trophies, Titlecraft obtained an opinion from Lee Pederson, a Registered United States

Patent Attorney, that the then proposed trophies would not infringe any rights held by the NFL. See Exhibit "A", attached to the Affidavit of Justin L. Seurer. Titlecraft brought this action after it became clear that attempts to resolve this matter without litigation had failed. (Complaint, Exhibit "A").

## Legal Argument

The standard that governs this Court's review of a motion for summary judgment is well-established:

> Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Although we view the facts and inferences in the light most favorable to the [nonmoving party], they have the obligation to come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
> *Dahl v. Rice County Minn.,* 621 F.3d 740, 743 (8th Cir. 2010).

"Any fact alleged to be in dispute must be 'outcome determinative under prevailing law'; that is, it must be material to an essential element of the specific theory of recovery at issue." *Bar-Meir v. North American Diecast Ass'n MN Chapter*, 176 F.Supp.2d 944, 946 (D. Minn. 2001), aff'd 53 Fed.Appx. 396 (8th Cir. 2002). See also *Mulcahy v. Cheetah Learning, LLC,* 386 F.3d 849 (8th Cir. 2004) (genuine issues of material fact precluded summary judgment on copyright infringement claim). In a copyright infringement case, where both works are in the record, the District Court may be in a position to render summary judgment.

*Nelson v. PRN Productions, Inc.,* 873 F.2d 1141, 1143 (8th Cir. 1989); *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 120 (8th Cir. 1987).

In order to prevail on the copyright infringement claim, the Defendants must show (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.  *Feist Publications, Inc. v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 361 (1991); *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 548 (1985); *Taylor Corp. v. Four Seasons Greetings, LLC,* 315 F.3d 1039, 1042 (8th Cir. 2003); *Bar-Meir*, *supra*, 176 F.Supp.2d at 947.

For purposes of this motion, Titlecraft does not dispute that the Defendants have a valid copyright, but it does disagree with their assertion that the Lombardy Trophy is entitled to "robust" protection.  Copyright protection extends only to expression, never to the underlying idea.  *Schoolhouse Inc. v. Anderson*, 275 F.3d 726, 728 (8th Cir. 2002); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 912 (2d Cir. 1980) ("'It is an axiom of copyright law that the protection granted to a copyrightable work extends only to a particular expression of an idea and never to the idea itself.'") (*quoting Reyher v. Children's Television Workshop*, 533 F.2d 83, 87 (2d Cir.), *cert. denied*, 429 U.S. 980 (1976)); *Todd v. Montana Silversmiths, Inc.,* 379 F.Supp.2d 1110, 1112 (D. Colo. 2005).  The use of common elements – a football and a tetrahedron – might suggest that the protection is "thin" (see, e.g., *Schoolhouse Inc., supra*, 275 F.3d at 728), that is, that the protection extends only to the original use of these common elements.

6

The fact that a work is copyright protected does not mean that every element of the work is protected. *Feist Publications, supra,* 499 U.S. at 348. Originality is the key. In *Feist*, the Supreme Court considered whether Feist Publications, in compiling its own telephone directory, could use information obtained from Rural's white pages. Rural asserted that Feist's employees were "obliged to travel door-to-door or conduct a telephone survey to discover the same information for themselves." In other words, Rural claimed a copyright in its directory that protected the names, towns, and phone numbers from copying by Feist. (*Id.* at 344). The Court held that the facts (names, towns, and phone numbers) were not copyrightable and that the compilation of the facts did not meet constitutional or statutory requirements for copyright protection. (*Id.* at 363).

Writing for the Court, Justice O'Connor observed:

> The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author. See *Harper & Row*, *supra*, at 547-549, 106 S.Ct., at 2223-2224. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. 1 M. NIMMER & D. NIMMER, COPYRIGHT §§ 2.01[A], [B] (1990). To be sure, the requisite level of creativity of extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. Id., § 1.08[C][1]. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying.
> (*Id.* at 345).

This helps to guide the scoring of an infringement claim. The nonoriginal elements must be identified as not protected and therefore not counted against the

alleged infringer.  (*Id.* at 348).  In addition to facts, "'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic" are not protected.  *Taylor Corp.*, supra, 315 F.3d at 1042 (quoting *Atari, Inc. v. North American Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir.), *cert. denied*, 459 U.S. 880 (1982)).  This is known as the doctrine of scenes a faire.  *Taylor Corp.*, *supra*, 315 F.3d at 1042.  For example, in a Christmas card, the use of a Santa Claus or a wreath would be considered as not protected.  What this doctrine means for this case is that a football is indispensable to a football trophy.  Thus, the use of a football in a football trophy is not original and is not a protected element even though the work as a whole may be protected.

With respect to the other element in the Lombardi Trophy's use of a tetrahedron, it is not, in and of itself, protected because it is not an original shape.  The tetrahedron has been known by geometricians for centuries and may be found today, for example, in textbooks and tutorials covering basic three-dimensional figures.[2]  The originality might possibly lie with making the tetrahedron concave, but the main claim to originality must be the placing of the football on the tetrahedron.  From this standpoint, it is hard to fathom how the Defendants could claim that a football placed on a single metal riser (Affidavit of Ed Reichow, Figure 2) would infringe their protected copyright.  See *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d, 905, 913 (2d Cir. 1980) ("Just as copyright protection extends to expression but not ideas, copyright protection extends only to the

---

[2]   See, e.g., http://www.mathleague.com/help/geometry/3space.htm.

artistic aspects, but not the mechanical or utilitarian features, of a protected work.").

To establish an infringement of the copyright, the Defendants must prove that Titlecraft had access to the work and that there is "substantial similarity, both in ideas and expression, between the original elements" of the protected work and the asserted infringing work. *Schoolhouse, Inc.*, *supra*, 275 F.3d at 729; *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987). Titlecraft would concede that it had access to images of the work,[3] but denies that there is substantial similarity with respect to the

protected original elements of the Lombardi Trophy.

The Eighth Circuit in *Hartman*, *supra*, used an analytical approach for determining whether works are substantially similar:

> Determination of substantial similarity involves a two-step analysis. *McCulloch*, 823 F.2d at 319. There must be substantial similarity "not only of the general ideas but of the expressions of those ideas as well." *Sid & Marty Krofft Televisions Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977). First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. *McCulloch*, 823 F.2d at 319. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression. *Id.* The district court employing the two-step analysis

---

[3] The Defendants cite a letter from counsel for Titlecraft to the effect that Titlecraft intended to "mimic" the Lombardi Trophy. Declaration of Daniel J. Connolly, Exhibit "F". Titlecraft objects to the submission of this letter on the ground that it is privileged under Federal Rules of Evidence Rule 408 as part of numerous negotiation and settlement discussions. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009); *Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003); *Smith v. Pacific Bell Telephone Co., Inc.*, 649 F.Supp.2d 1073, 1087 (E.D. Cal. 2009).

> found Hartman's work consisted almost entirely of noncopyrightable general themes or ideas and in any event that the expression by Hallmark and Mattel of any similar ideas did not satisfy the intrinsic test for expression.
> (833 F.2d at 120).

See also *Taylor Corp.*, *supra*, 315 F.3d at 1043; *Schoolhouse, Inc.,supra*, 275 F.3d at 729.

Applying the *Hartman* analysis to this case, there is a similarity of ideas between the two works in that both are football trophies representing the highest achievement for a team. There are also some objective similarities in the details of the works. Both use a football as the focal point of the work. As noted above, however, the use of a football is not, in and of itself protected. The football is placed at an angle with respect to the stand on which it sits. With one line of the Titlecraft products, there is a use of the tetrahedron as the stand, as is the case with the Lombardi Trophy. The shape, however, is a common geometric form and is not protectable as such.[4] Moreover, Titlecraft's single metal riser line of trophies is materially different than the tetrahedron. The use of wood for the focal point of the work is materially different than the Lombardi Trophy.

Whether this is enough to conclude that the general ideas are similar, it is reasonably clear that the second part of the *Hartman* test – whether the expressions are substantially similar – is definitely a fact question for the jury.

---

[4]   The decision in *Crown Awards, Inc. v. Discount Trophy & Co., Inc.,* 326 Fed.Appx. 575, 579-80 (2d Cir. 2009) is not inconsistent with this. Geometric shapes, such as stars, are not protected as such, but the original arrangement of the objects is protectable expression.

The test looks at "the response of the ordinary, reasonable person to the forms of expression." 833 F.2d at 120. The *Hartman* court itself notes that, "[s]ummary judgment is not favored, but when substantial similarity is the sole issue it is appropriate if the works are so dissimilar that 'reasonable minds could not differ as to the absence of substantial similarity in expression.'" (*Id.*). In this case, the expressions or feel of the work could be argued both ways. The different media (wood vs. metal), the different sizes, and the different textures (layers of wood vs. single smooth metallic finish) can be viewed by the jury for its response as ordinary, reasonable persons. See also *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 911 (2d Cir. 1980) ("[T]he question of infringement is generally resolved by the fact-finder's prediction of the probable reaction of a hypothetical "ordinary observer."). This case is a call to be made the jury.

## Conclusion

Copyright protects expression, not ideas. This limits the protection to those aspects of works involving originality. A work may consist of nonprotected elements and protected elements. There is a danger of overreaching when the use of nonprotected elements in an original way tempts the owner of the copyright to declare any subsequent attempt to use the idea as an infringement. The copyright laws do not go that far and neither should this Court.

For these reasons, the Plaintiff respectfully requests this Court to deny the motion for partial summary judgment.

Dated:  November 26, 2010                    Respectfully submitted,


                                              SEURER LAW FIRM

                                              /s Justin L Seurer

                                              _____

                                              Justin L. Seurer (#336154)
                                              11901 James Road
                                              Minnetonka, MN  55343
                                              (612) 455-6669 phone
                                              (612) 455-2182 fax

                                              *Attorney for the Plaintiff and
                                              Counterclaim Defendant
                                              Titlecraft, Inc.*