UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TITLECRAFT, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE and<br>NFL PROPERTIES, LLC,<br><br>    Defendants and<br>    Counterclaim Plaintiffs. | No. 0:10-cv-00758-RHK-JJK<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Titlecraft's Opposition underscores the reasons why this case is ripe for partial summary judgment on the issue of copyright infringement. Titlecraft concedes that "where both works are in the record" – as they are here – "the District Court may be in a position to render summary judgment." (Opp. 5.) It does not take issue with any of the cases cited by the NFL Parties where courts have found copyright infringement on summary judgment. (*See* Mem. 7 (citing cases).) Instead, Titlecraft's opposition to summary judgment rests entirely on the assertion, made without any factual analysis or support, that the similarity of its trophies to the Vince Lombardi Trophy "could be argued both ways" and therefore

"[t]his … is a call to be made by the jury." (Opp. 11.) That, however, ignores the following:

First, Titlecraft has conceded the validity of the NFL's copyright in the Vince Lombardi Trophy design. (*Id.* at 6.) Second, it concedes that the original arrangement of elements making up the Vince Lombardi Trophy as a whole may be protected as a matter of law. (*Id.* at 8, 10 n.4.) Third, Titlecraft does not dispute that it had access to that design. (*Id.* at 9.) Fourth, it concedes that "there is a similarity of ideas between the two works" and that there are "objective similarities in the details of the works." (*Id.* at 10.) Finally, Titlecraft offers no defense to its having copied the Vince Lombardi Trophy design, other than an improper request that the Court ignore the letter in which it admitted copying. (*Id.* at 9, n.3.) Thus, the only issue left for the Court to decide is whether "an ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." *Hoch v. Mastercard Int'l Inc.*, 284 F. Supp. 2d 1217, 1224 (D. Minn. 2003).

### A. Titlecraft's Trophies Reproduce the Total Concept and Feel of the Vince Lombardi Trophy.

Given this record, no reasonable juror could reach any conclusion other than that Titlecraft's trophies reproduce the same "total concept and feel" as the Vince Lombardi Trophy. *Id. at* 1224. (*See* Mem. 1-2, Figures 1 and 2 (depicting Titlecraft's trophies and the Vince Lombardi Trophy).) That reproduction

2

includes the following protectible details: (1) the positioning of a football atop a base with certain proportions and sizes of the football relative to the base; (2) the absence of any other figures or adornments; (3) the smooth football surface (as opposed to the pebbled texture of a real leather football); (4) the acute downward angle of the football relative to the front side of the base; (5) the upward positioning of the football laces; (6) the increasing width of the base, from top to bottom; and (7) the angled, as opposed to rounded, corners of the base which are formed by the coupling of planar members.

Any reasonable juror would conclude that these similarities between the Vince Lombardi Trophy and Titlecraft's replicas are substantial. By contrast, the differences on which Titlecraft relies (Opp. 2-3) – a 5% angle difference in the football's placement atop the base, the different materials (Titlecraft's trophies generally use wood vs. the Vince Lombardi Trophy's use of silver), the different sizes (19 inches vs. 24 inches) – are minor and it is black letter law that such differences do not excuse infringing conduct. If they did, the Copyright Act would offer scant protection for copyright holders, as any minor modification would be enough to protect infringers. *See United States v. Washington Mint, LLC*, Civ. No. 99-1768, 2001 WL 1640073, at *4 (D. Minn. 2001) (substantial similarity found where copy was in a different medium than the original (coin infringed on sculpture)) (partial summary judgment granted); *Rogers v. Koons*,

960 F.2d 301, 312 (2d Cir. 1992) (sculpture infringed photo); *Thimbleberries, Inc. v. C&F Enterprises, Inc.*, 142 F. Supp. 2d 1132, 1140 (D. Minn. 2001) (substantial similarity found notwithstanding "subtle distinctions").  This is a case where the similarities between the works are sufficient, in and of themselves, to establish infringement.  When coupled with the undisputed record of access and copying, no issue is left for a jury.

Titlecraft's insistence that a jury should decide appears to rest on incorrect characterizations of the NFL Parties' positions and the governing case law.  The NFL Parties do not, as Titlecraft claims (Opp. 6), seek to protect the idea of a football trophy or the expression of that idea in a football positioned atop a base.  It is the expressive details of the Vince Lombardi Trophy design that are protectible, as well as their overall arrangement and combination.  As to each of Titlecraft's trophies described in the NFL Parties' Memorandum (*see* pp. 8-9, below, for a discussion of the "new" riser trophy), Titlecraft copied each of those details and their original arrangement and combination.  (*Compare* Mem. 1, Fig. 1 *with* Mem. 2, Fig. 2.)  As is self evident (but was previously demonstrated) there are countless ways to make a football trophy, even ones using a football and a base, that do not in any way resemble the Vince Lombardi Trophy design.  (*See* Declaration of Daniel J. Connolly ("Connolly Decl.") Ex. K.)  Titlecraft need not have copied the Vince Lombardi Trophy.

Similarly, Titlecraft's suggestion that "a football is indispensable to a football trophy" and therefore not protectible under the doctrine of *scenes à faire* (Opp. 7-8), is factually and legally incorrect. In support of its motion, the NFL submitted various images of football trophy designs. (Connolly Decl. Ex. K.) Some of those trophy designs do not include a football at all. (*Id.*) Others do, but because there is a myriad of ways to depict and use a football, those trophies do not at all resemble the Vince Lombardi Trophy design. (*Id.*) Titlecraft does not even acknowledge, let alone discuss, these multiple trophy designs, which eviscerate its argument that the NFL Parties are seeking protection for a common idea. *See Perdue v. Walgreen Co.*, Civ. No. 09-0992-RHK-FLN, 2010 WL 3636279, at * 1 (D. Minn. Sept. 9, 2010) (Kyle, J.) ("The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial."). These undisputed facts mean that, even were a football somehow an indispensable part of a football trophy (and it is not), the *scenes à faire* doctrine is inapplicable and Titlecraft had no justification for copying the Vince Lombardi Trophy design.

The Eighth Circuit has rejected similar arguments made in defense of unlawful copying. In *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039 (8th Cir. 2003), the infringer contended the wreaths depicted on plaintiff's Christmas cards simply used "stock elements found in all depictions of Christmas

wreaths," and therefore were "unprotectable expression." *Id.* at 1043.  The Eighth Circuit disagreed, noting "there are numerous ways of depicting Christmas wreaths involving variations of design, shape, color, dimensionality, and lettering, as well as decorative minutiae.  The devil is in the details."  *Id.*

Titlecraft's reliance upon *Feist Pubs., Inc. v. Rural Tel. Svc. Co., Inc.*, 499 U.S. 340 (1991) (Opp. 7) is misplaced.  *Feist* stands for the proposition that some works, such as a telephone book organized in alphabetical order, do not satisfy the modicum of originality necessary for copyright protection.  For two reasons, that proposition is not implicated in this case.  First, whether the Vince Lombardi Trophy is sufficiently original as to be copyrightable is not in dispute because the Vince Lombardi Trophy is the subject of a copyright registration.  It is, therefore, presumptively deemed to be original (17 U.S.C. § 410(c)) and Titlecraft now has conceded the validity of that copyright.  (Opp. 6.)  Second, the Vince Lombardi Trophy is not a factual compilation, but, as Titlecraft concedes, an original combination of constituent artistic elements.  (Opp. 8, 10 n.4.)

*Crown Awards, Inc. v. Discount Trophy & Co., Inc.*, 326 Fed. Appx. 575 (2d Cir. 2009) is directly on point.  In that case, the plaintiff's trophies were comprised of unprotectible stock elements such as stars and diamond shapes, but the court held that the overall combination and arrangement of those elements was protectible.  *Crown Awards*, 326 Fed. Appx. at 579-80 (defendant infringed

plaintiff's copyrighted trophy design notwithstanding stock elements) (citing *Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1003-04 (2d Cir. 1995)). Titlecraft cites, but makes no attempt to distinguish, *Crown Awards*. Given the significantly greater degree of artistic skill and originality evident in the Vince Lombardi Trophy (designed by artists at the well-known jewelry designer Tiffany & Co.) than in *Crown Awards*, it follows that there can be no reasonable dispute as to infringement here.

### B. Titlecraft's Purported Defenses Fail as a Matter of Law.

Titlecraft raises two defenses unique to the facts of this case. First, It asks the Court to ignore its response to the NFL's August 28, 2009 cease and desist letter, where it admitted its trophies were copied to "mimic" the Vince Lombardi Trophy. It bases that request on its assertion that its admission of actual copying was made in a settlement communication privileged under Federal Rule of Evidence 408. (Opp. 9 n.3.)

That is demonstrably incorrect. At the time of its admission, there was no discussion of anything resembling settlement by either party: The NFL demanded that Titlecraft cease its infringing conduct and provide an accounting of its profits and Titlecraft refused do so, claiming (incorrectly) that its conduct was not infringing. That is not a privileged settlement communication and the Court can, and should, consider this admission that Titlecraft copied the Vince Lombardi

Trophy design.  Because neither party made an offer of settlement, the purposes of Rule 408, which exists to preclude drawing inferences of liability from offers to resolve disputes, are not implicated in any way.  *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 699 (8th Cir. 2008) (Rule 408 "only applies to evidence of compromise offered to prove liability for or the amount of the claim").

Titlecraft also attempts to avoid summary judgment by emphasizing its "new" football trophy design that uses a metal riser.  This effort to cloud the record is unavailing for two reasons.  First, the new design does not at all affect the infringement analysis of the multiple versions of Titlecraft's original design, which the NFL Parties describe in their Memorandum and that are, for the reasons set forth therein, plainly infringing.

Second, as for the new metal riser model, it is clear that this trophy design also is substantially similar to the Vince Lombardi Trophy design:  It comprises a smooth (rather than pebbled) angled-down football, with laces up, atop a smooth, flat base that, in essence, appears to be a two-dimensional version of the base for the Vince Lombardi Trophy – particularly when viewed from the front.  (*Id.*)  The flat, burnished, metallic base of this model, viewed head on, is substantially similar to the base of the Vince Lombardi Trophy.  Even though Titlecraft has removed two sides from the base of this new trophy, no reasonable juror could conclude that, taken as a whole, the new metal riser model does not reproduce the

same "total concept and feel" as the Vince Lombardi Trophy.  *Hoch*, 284 F. Supp. 2d at 1224.[1]

For the foregoing reasons, and the reasons set forth in the NFL Parties' original memorandum, the NFL Parties respectfully request that the Court enter judgment in their favor on Count I of their Counterclaims.

Dated:  December 3, 2010                Respectfully submitted,

    s/ Daniel J. Connolly
Daniel J. Connolly, #197427
Timothy J. Cruz, #0386626
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 766-7000

Bruce P. Keller (*pro hac vice*)
Michael J. Beam (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Counsel for Defendants and Counterclaim-Plaintiffs National Football League and NFL Properties, LLC*

---

[1]  Titlecraft does not make a Rule 56(f) motion for discovery but the Declaration of Justin L. Seurer suggests that the NFL Parties failed to produce certain documents in discovery.  (Declaration of Justin L. Seurer ¶ 3.)  That is incorrect and, in any event, is irrelevant.  The documents requested by Titlecraft are not germane to the issues raised by the motion.  (*See* Mem. 5-6.)