**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Titlecraft, Inc.,

      Plaintiff/Counterclaim
      Defendant,

v.

National Football League and
NFL Properties, LLC,

      Defendants/Counterclaim
      Plaintiffs.

Civ. No. 10-758 (RHK/JJK)
**MEMORANDUM OPINION
AND ORDER**

---

Justin L. Seurer, Seurer Law Firm, Minnetonka, Minnesota, for Plaintiff/Counterclaim Defendant.

Bruce P. Keller, Michael J. Beam, Debevoise & Plimpton LLP, New York, New York, Daniel J. Connolly, Timothy J. Cruz, Faegre & Benson LLP, Minneapolis, Minnesota, for Defendants/Counterclaim Plaintiffs.

---

## INTRODUCTION

This Court often is confronted with difficult cases raising complex issues of federal and state law; this is not one. Plaintiff Titlecraft, Inc. ("Titlecraft") manufactures fantasy-football-league trophies. It commenced this action against Defendants National Football League and NFL Properties, LLC (collectively, the "NFL"), seeking a declaration that its trophies do not infringe the NFL's rights in one of the most famous trophies in sports: the Vince Lombardi Trophy. The NFL counterclaimed, asserting *inter alia* claims of copyright and trademark infringement. The NFL now moves for partial

summary judgment as to Titlecraft's liability for copyright infringement. For the reasons set forth below, its Motion will be granted.

## BACKGROUND

The material facts are not in dispute. The NFL, an unincorporated association of 32 member teams, is a professional football league. The league's winner each year is determined in one of the most watched events on television, the Super Bowl,[1] after which the victor is presented with the Vince Lombardi Trophy. The trophy, which was designed and manufactured for the NFL by the well-known jeweler Tiffany & Co., is made of sterling silver and consists of a replica football sitting, at a downward angle, atop a three-sided base with concave sides, which taper (get smaller) as they rise. It is undisputed that the NFL holds a valid copyright registration for the trophy.[2]

Titlecraft is a Minnesota corporation with its principal place of business in Maple Grove, Minnesota. It manufactures custom wood trophies that it sells (through its website) to fantasy-football leagues to be given to league winners.[3] Its trophies are similar in appearance to the Vince Lombardi Trophy, in that they consist of a football sitting, at a downward angle, atop a base with three tapered sides. There are some

---

[1] The most recent Super Bowl, played in February 2010, was watched by more than 100 million people in the United States and was the most-watched television program in American history. See http://www.nytimes.com/2010/02/09/sports/football/09sandomir.html (last visited December 17, 2010).

[2] Although the word "copyright" tends to conjure up images of books or movies, "sculptural works" may be copyrighted. 17 U.S.C. § 102(a)(5).

[3] Fantasy football is a virtual competition in which participants "draft" real football players onto "teams" and are awarded points based on the players' actual, on-field performance. See http://en.wikipedia.org/wiki/Fantasy_football_(American) (last visited December 17, 2010).

differences between Titlecraft's trophies and the Vince Lombardi Trophy, however, including (among other things) that the sides of the base are not concave and the trophies are made from wood rather than silver.[4]

When the NFL learned of Titlecraft's business in August 2009, it sent a cease-and-desist letter informing the company that it was infringing the NFL's rights in the Vince Lombardi Trophy. It demanded that Titlecraft stop selling its trophies and account for all profits it had derived from its allegedly infringing products. Relying on an opinion from legal counsel it had obtained before manufacturing its trophies, Titlecraft denied any infringement and refused to stop selling its trophies.

On March 11, 2010, Titlecraft commenced the instant action, seeking a declaration that its trophies "do not violate any rights" of the NFL in the Vince Lombardi Trophy. The NFL counterclaimed, asserting *inter alia* claims for copyright and trademark infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, respectively. The NFL now moves for partial summary judgment as to Titlecraft's liability for copyright infringement.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the

---

[4] Titlecraft also makes a different version of its fantasy-football trophies consisting of a football sitting at a downward angle upon a single, flat metal riser. From the front, however, this trophy looks similar to Titlecraft's other trophies and the Vince Lombardi Trophy.

material facts in the case are undisputed.  Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000).  The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party.  Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).  The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Cnty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).[5]

## ANALYSIS

To establish its claim for copyright infringement in the absence of direct evidence of copying,[6] the NFL must prove that (1) it owns a valid copyright to the Vince Lombardi Trophy, (2) Titlecraft had access to the trophy, and (3) Titlecraft's trophies and the Vince Lombardi Trophy are substantially similar.  E.g., Frye v. YMCA Camp Kitaki, 617 F.3d

---

[5] According to the Pretrial Scheduling Order in this action (Doc. No. 18), discovery does not close until February 28, 2011, and the dispositive motions deadline is July 1, 2011.  Yet, discovery need not be complete before a court entertains a summary-judgment motion.  See, e.g., Ballard v. Heineman, 548 F.3d 1132, 1136-37 (8th Cir. 2008).  "Unless a party files an affidavit under Federal Rule of Civil Procedure 56(f) showing what facts further discovery may uncover, a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it."  Id. (internal quotation marks and citation omitted).  No such affidavit has been filed in this case.  Nor does the Court believe that discovery would alter its resolution of the instant Motion, as the analysis focuses on a comparison of the Vince Lombardi Trophy and Titlecraft's allegedly infringing ones.

[6] The NFL argues that it possesses direct evidence of copying:  two letters from Titlecraft's counsel, acknowledging that Titlecraft "mimic[ked]" the Vince Lombardi Trophy.  Titlecraft raises several evidentiary objections to such evidence.  Without ruling on those objections, the Court will not consider this evidence because, even without it, the NFL is entitled to summary judgment on its copyright-infringement counterclaim.

1005, 1007-08 (8th Cir. 2010) (citation omitted).  Titlecraft does not dispute the NFL's ownership of a valid copyright (see Mem. in Opp'n at 6), nor does it dispute that it had access to the Vince Lombardi Trophy (see id. at 9).  The only issue, therefore, is substantial similarity.  When the copyrighted work and the allegedly infringing ones are in the record, a district court has before it sufficient evidence to decide whether the works are substantially similar as a matter of law and enter summary judgment.  E.g., Schoolhouse, Inc. v. Anderson, 275 F.3d 726, 728 (8th Cir. 2002); Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120-21 (8th Cir. 1987).

Substantial similarity requires the works to be similar in both ideas and expression.  E.g., Rottlund Co. v. Pinnacle Corp., 452 F.3d 726, 731 (8th Cir. 2006) (citation omitted).  Idea similarity "is evaluated extrinsically, focusing on objective similarities in the details of the works."  Id. (citation omitted).  The Court must examine such criteria as "the type of artwork involved, the materials used, the subject matter, and the setting for the subject."  Id.  If the two works' ideas are substantially similar, then the Court must determine similarity of expression, which is "evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression." Id. (citation omitted).  Here, the Court has little trouble concluding that Titlecraft's trophies are substantially similar to the Vince Lombardi Trophy in both idea and expression.

As for idea, Titlecraft's trophies contain numerous objective similarities to the Vince Lombardi Trophy; indeed, Titlecraft makes little argument to the contrary.  Like the Vince Lombardi Trophy, Titlecraft's trophies contain downward-angled footballs

atop tapered bases.  The scale of the footballs to the bases in the trophies are roughly equal, and their sizes are similar.  None contains any other football-related adornments, such as a football player, football equipment, or any other object associated with football, like goalposts.  The laces on the trophies' footballs are pointed upward, and each uses a smooth-surfaced football, rather than a textured or pebbled one (as in the case of a real football).  Moreover, Titlecraft's trophies, like the Vince Lombardi Trophy, pertain to performance in the NFL, and as it acknowledges, "there is a similarity of ideas . . . in that both are football trophies representing the highest achievement for a team."  (Mem. in Opp'n at 10.)  In light of the foregoing, the Court concludes, as a matter of law, that Titlecraft's trophies are substantially similar in idea to the Vince Lombardi Trophy.

As for expression, the Court must be mindful that "similarity of expression . . . should not be considered 'hypercritically or with meticulous scrutiny.'"  Rottlund, 452 F.3d at 731 (citation omitted).  The question is whether "the total concept and feel" of the works is substantially similar, when viewed from the perspective of an ordinary person observing the works together.  Hartman, 833 F.2d at 120-21.  Infringement does not require a finding that two works are precisely the same; the test is one of *similarity*, not exact duplication.  Differences between two works do not affect their "similarity" if "the ordinary observer . . . would be disposed to overlook them, and regard [the works'] aesthetic appeal as the same."  Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1043 (8th Cir. 2003) (quoting Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960) (Learned Hand, J.)).  Such a decision necessarily is an ad-hoc one.  Peter Pan, 274 F.2d at 489.

In this Court's view, no ordinary observer could conclude that Titlecraft's trophies have anything but the same concept and feel as the Vince Lombardi Trophy.  While Titlecraft points out a smattering of differences between the trophies – wood versus metal, slightly different sizes, etc. – the Court must focus on the trophies' similarities, not their differences.  E.g., Taylor Corp. v. Four Seasons Greetings, LLC, 403 F.3d 958, 966 (8th Cir. 2005); CSM Investors, Inc. v. Everest Dev., Ltd., 840 F. Supp. 1304, 1312 (D. Minn. 1994) (Doty, J.) ("The existence of differences will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of [the copyrighted] work.") (citation omitted).  The Court is cautioned that it must be careful not to get distracted by minor variances between the works and "lose sight of the forest for the trees."  Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp., 672 F.2d 607, 618 (7th Cir. 1982), superseded by rule on other grounds as stated by Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423 (7th Cir. 1985).

Simply put, viewing the trophies side by side renders the similarities between them obvious.  Titlecraft's trophies and the Vince Lombardi Trophy are so substantially similar in terms of shape, size, aesthetics, and "feel" – which far outweigh their minimal differences – that there is only one possible conclusion:  Titlecraft's trophies "are appropriations" of the Vince Lombardi Trophy.  Taylor Corp., 403 F.3d at 966.  To put it another way, "if it walks like a duck, quacks like a duck and looks like a duck, it has got to be a duck" – or in this case a copy.  Eisenrich v. Minneapolis Retail Meat Cutters &

Food Handlers Pension Plan, 544 F. Supp. 2d 848, 858 (D. Minn. 2008) (Kyle, J.), aff'd, 574 F.3d 644 (8th Cir. 2009).[7]

Titlecraft's arguments to the contrary are unconvincing. It points out that the base of the Vince Lombardi Trophy is a tetrahedron, a common geometric shape that is not entitled to copyright protection. It also argues that under the doctrine of *scenes a faire*,[8] the football atop the Vince Lombardi Trophy is not protectable because "a football is indispensable to a football trophy." (Mem. in Opp'n at 7-8.) But at some level of abstraction, all objects are combinations of common geometric shapes; that does not mean they cannot be protected by copyright. As one court has aptly noted, this argument is akin to suggesting that "there can be no originality in a painting because all colors of paint have been used somewhere in the past." Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1003 (2d Cir. 1995). Moreover, the Court does not believe that the *scenes a faire* doctrine applies here, because a football is not an indispensable part of a football trophy. Indeed, the NFL has proffered many different examples of trophies that do not

---

[7] At oral argument, Titlecraft asserted that the similarity-of-expression determination should be left to a jury. But in the Court's view, no reasonable jury could conclude that Titlecraft's trophies are not substantially similar to the Vince Lombardi Trophy. And as the Eighth Circuit has counseled, "[w]hen applying the [similarity of expression] step of the analysis, summary judgment is proper if ordinary, reasonable minds could not find" the two works dissimilar. Schoolhouse, Inc., 275 F.3d at 729.

[8] *Scenes a faire* – which translates loosely to "scenes which must be done" – refers to "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." Taylor Corp., 315 F.3d at 1042. In other words, two works that merely incorporate the same *scenes a faire* – that is, the same "stock elements" – are not substantially similar for purposes of copyright infringement, because copyright protection extends only to originality. Id. at 1042-43.

include a football, or in which a football is just a minor element and not the trophy's focal point. (See Connolly Decl. Ex. K.)

More fundamentally, these arguments overlook the nature of the Vince Lombardi Trophy's copyright protection. It is neither the trophy's base nor its football that is copyrightable. Rather, it is the trophy's *combination* of the base, with the football on top, at a certain angle, that is protectable – *i.e.,* the trophy's originality. In other words, the combination of uncopyrightable elements in an original way renders the trophy appropriate for copyright protection. See, e.g., Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 362 (1991). And Titlecraft's trophies infringe that copyright by combining a football and a base, of similar shapes and sizes, in a substantially similar way.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the NFL's Motion for Partial Summary Judgment (Doc. No. 19) is **GRANTED** as to Titlecraft's liability for copyright infringement (Count I of the NFL's Counterclaims). The remaining claims in this case, and the damages for which Titlecraft is liable, remain for resolution on another day. In light of the current procedural posture of this case, however, the parties are directed to contact Magistrate Judge Keyes to schedule a settlement conference in the event they are unable to resolve this matter on their own.

Date: December 20, 2010            s/Richard H. Kyle
                                   RICHARD H. KYLE
                                   United States District Judge